UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES SCOTT BUNCH | ) |

<u>PLEA AGREEMENT</u>

The Government and the defendant, **CHARLES SCOTT BUNCH**, hereby acknowledge the following plea agreement in this case:

<u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter; (ii) pay restitution of $1,041,000.00 to the United States Department of Defense jointly and severally with coconspirators who are convicted; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials 

# TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for conspiracy to steal government property, in violation of Title 18, United States Code, Section 371, as charged in Count One, is:

    **A.** Imprisonment for not more than 5 years;

    **B.** A fine of not more than $250,000.00, or,

    **C.** Both A and B;

    **D.** Supervised release of not more than 3 years; and

    **E.** A special assessment of $100.00.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

The Defense Logistics Agency (DLA) is the United States' combat logistics support agency. DLA manages the end-to-end global defense supply chain—from raw materials to end user disposition—for the five military services, eleven combatant commands, other federal, state, and local agencies, and partner and allied nations. DLA procures items from manufacturers and suppliers and, through DLA Distribution, provides them to the Department of Defense and other federal and state customers, with services such as warehousing, packaging, and transportation. DLA

Disposition disposes of excess military property through reutilization, resale, and demilitarization.

The Anniston Army Depot (ANAD) is a United States Army maintenance center and munitions storage site located in Anniston, Alabama, within the Eastern Division of the Northern District of Alabama. DLA warehouses items ranging from microchips to M1A2 main battle tanks at ANAD, including AN/PVS-30 scopes, Advanced Combat Optical Gunsights (ACOGs), Aimpoint sights, and AN/PEQ-15 infrared illuminators. Each of these items was designed to be attached to military weapon systems to provide operators with instant nighttime engagement capabilities and/or improved target acquisition. The AN/PVS-30 scopes had a fair market value of approximately $10,395.00 each, the ACOGs had a fair market value of approximately $1,447.00 each, the Aimpoint sights had a fair market value of approximately $300.00 each, and the AN/PEQ-15 infrared illuminators had a fair market value of approximately $1,128.00 each.

Defendant **CHARLES SCOTT BUNCH** was a Supervisor in the Packaging Weapons Warehouse (Building 360) for DLA Distribution at ANAD.

## THE CONSPIRACY

From in or about at least July 2020, and continuing until in or about December 2021, the exact dates being unknown, within Calhoun County in the Northern District of Alabama, and elsewhere, defendant **CHARLES SCOTT BUNCH**

knowingly and willfully conspired, combined, and agreed with others, known and unknown, to embezzle, steal, purloin, and knowingly convert to his use or the use of another, and to sell, convey, and dispose of without authority, property exceeding $1,000 in value of the United States or of any department or agency thereof, in violation of Title 18, United States Code, Section 641.

## MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that civilian employees of the Directorate of Emergency Services at ANAD would and did use their positions as Security Guards and Police Officers to gain access to DLA and Army facilities on ANAD and steal property belonging to the United States.

It was a further part of the conspiracy that defendant **CHARLES SCOTT BUNCH** would and did provide information to coconspirators about the location of government property on ANAD that the coconspirators wanted to steal.

It was a further part of the conspiracy that defendant **CHARLES SCOTT BUNCH** would and did witness coconspirators stealing property from Building 360 but not report the thefts.

It was a further part of the conspiracy that defendant **CHARLES SCOTT BUNCH** would and did provide this assistance to coconspirators who stole at least 68 AN/PVS-30 scopes, 1,000 Aimpoint sights, 30 PEQ-15 infrared illuminators, and

Defendant's Initials ___

other property belonging to the United States that had a fair market value totaling approximately $1,041,000.00.

It was a further part of the conspiracy that coconspirators would and did deliver United States property stolen from ANAD to other coconspirators who would arrange for the sale of the stolen property.

It was a further part of the conspiracy that defendant **CHARLES SCOTT BUNCH** would and did receive ammunition and other stolen government property from coconspirators as compensation for his participation in the conspiracy.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, in the Northern District of Alabama and elsewhere:

On various dates during the conspiracy, coconspirators stole United States property from DLA and Army facilities at ANAD. These coconspirators took advantage of their positions as civilian employees of the Directorate of Emergency Services, the entity responsible for providing security at ANAD, to gain access to DLA and Army warehouses and facilitate the theft of United States property. Defendant **CHARLES SCOTT BUNCH**, using knowledge he gained in his role as a Supervisor for DLA Distribution, provided information to coconspirators about the location of government property on ANAD that the coconspirators wanted to steal.

When he witnessed coconspirators stealing property from Building 360, defendant **CHARLES SCOTT BUNCH** did not prevent or report the thefts. Coconspirators delivered United States property stolen from ANAD to other coconspirators who would arrange for the sale of the stolen property. Defendant **CHARLES SCOTT BUNCH** received ammunition and other stolen government property from coconspirators as compensation for his participation in the conspiracy.

In or about August 2021, defendant **CHARLES SCOTT BUNCH** provided a coconspirator information on the location of ANS/PV-30 scopes at ANAD. Later, three coconspirators stole approximately 68 AN/PVS-30 scopes from the location identified by **BUNCH**.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
**CHARLES SCOTT BUNCH**

## III. RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

D. That the defendant be required to pay restitution to all the victims of the defendant's crimes jointly and severally with convicted coconspirators. That restitution should include: $1,041,000.00 to the United States

Department of Defense;

E. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

F. That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, CHARLES SCOTT BUNCH, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, CHARLES SCOTT BUNCH, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the

Defendant's Initials

right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, CHARLES SCOTT BUNCH, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*[Signature]*
CHARLES SCOTT BUNCH

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further,

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become **NULL** and **VOID** at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

IX.    **COLLECTION OF FINANCIAL OBLIGATION**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;
- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;
- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's

Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

X. **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION**

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

XI. **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending

or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.  IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII.  DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 16 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand

that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours that effect my ability to voluntarily enter into this plea agreement, except as stated here: __Metformin 500__.

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

7/31/2023
DATE

_Charles Scott Bunch_
CHARLES SCOTT BUNCH
Defendant

Defendant's Initials ___

XIV.  **COUNSEL'S ACKNOWLEDGMENT**

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

7/31/23
DATE

ALISON WALLACE
Defendant's Counsel

XV.  **GOVERNMENT'S ACKNOWLEDGMENT**

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

8/1/23
DATE

for George Martin

GEORGE MARTIN
Assistant United States Attorney